Jacques Sapier (SBN 166462)
SDK LAW CENTER
7676 Hazard Center Drive, Suite 500
San Diego, California 92108
(866) 874-3995

Attorney for Defendants: SOON KOO CHANG and CHONG MIN CHANG

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOON KOO CHANG and CHONG MIN CHANG, as individuals and as trustees of the CHANG FAMILY TRUST, dated March 30, 1999; and DOES 1-10, inclusive,<br><br>Defendants. | Case No: 19cv2350-JAH-NLS<br><br>ANSWER TO COMPLAINT |

Defendants SOON KOO CHANG and CHONG MIN CHANG, as individuals and as trustees of the CHANG FAMILY TRUST, dated March 30, 1999 (hereinafter referred to as "Defendants"), hereby answer the Complaint of Plaintiff JAMES RUTHERFORD (hereinafter referred to as "Plaintiff") as follows:

**PARTIES**

1. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 1 and, therefore, deny the same.

2. Defendants admit the allegations of paragraph 2 of the Complaint.

3. Defendants admit the allegations of paragraph 3 of the Complaint.

4. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 4 and, therefore, deny the same.

**JURISDICTION AND VENUE**

5. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 5 and, therefore, deny the same.

6. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 6 and, therefore, deny the same.

7. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 7 and, therefore, deny the same.

**FACTUAL ALLEGATIONS**

8. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 8 and, therefore, deny the same.

9. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 9 and, therefore, deny the same.

10. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 10 and, therefore, deny the same.

11. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 11 and, therefore, deny the same.

12. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 12 and, therefore, deny the same.

13. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 13 and, therefore, deny the same.

14. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 14 and, therefore, deny the same.

15. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 15 and, therefore, deny the same.

16. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 16 and, therefore, deny the same.

17. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 17 and, therefore, deny the same.

18. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 18 and, therefore, deny the same.

19. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 19 and, therefore, deny the same.

20. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 20 and, therefore, deny the same.

21. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 21 and, therefore, deny the same.

22. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 22 and, therefore, deny the same.

23. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 23 and, therefore, deny the same.

24. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 24 and, therefore, deny the same.

25. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 25 and, therefore, deny the same.

///

# FIRST CAUSE OF ACTION

**Violations of the Americans With Disabilities Act of 1990, 42 U.S.C. Section 12181 et seq. as amended by the ADA Amendments Act of 2008 (P.L. 110-325)**

26. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 26 and, therefore, deny the same.

27. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 27 and, therefore, deny the same.

28. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 28 and, therefore, deny the same.

29. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 29 and, therefore, deny the same.

30. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 30 and, therefore, deny the same.

31. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 31 and, therefore, deny the same.

# SECOND CAUSE OF ACTION

**Violation of the UCRA, California Civil Code Section 51 et seq.**

32. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 32 and, therefore, deny the same.

33. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 33 and, therefore, deny the same.

34. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 34 and, therefore, deny the same.

35. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations of paragraph 35 and, therefore, deny the same.

**PRAYER**

1. Defendants deny that Plaintiff is entitled to the judgment and relief requested.
2. Defendants deny that Plaintiff is entitled to the judgment and relief requested.
3. Defendants deny that Plaintiff is entitled to the judgment and relief requested.
4. Defendants deny that Plaintiff is entitled to the judgment and relief requested.

FIRST AFFIRMATIVE DEFENSE

(No Alterations Undertaken)

No alteration or new construction has been undertaken on the Property that would bring it within the requirements of the statutes pled, and, therefore, the Property is not subject to the statutes pled.

SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff's use of the Defendants' facilities was done with unclean hands. Plaintiff's purpose in visiting the Property was done with the intent to file this current lawsuit.

THIRD AFFIRMATIVE DEFENSE

(Vague and Ambiguous)

The references in the Complaint to access barriers within Property is vague and ambiguous. The Property doorways and entrance do comply with the California Law and the requirements of the ADAAG.

FOURTH AFFIRMATIVE DEFENSE

(Cost of Renovation)

The cost of bringing the Property into compliance with the statutes pled is disproportionately high when compared to the overall cost of any new construction or alteration and would work an undue burden on the Defendants.

///

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff is barred from recovering anything from Defendants by the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Frivolous Action)

The Complaint constitutes a frivolous action and in signing the Complaint, Plaintiff through counsel have violated FRCP 11 and both Plaintiff and Plaintiff's counsel are subject to sanctions by this Court.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each and every cause of action therein, is barred by the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Deterrence Damages)

Plaintiff's Complaint fails to state facts sufficient to support an award of deterrence damages against Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (No Causation)

These answering Defendants conduct was not the proximate or legal cause of any damages allegedly suffered by Plaintiff, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Failure To Notify Local Officials)

Plaintiff's Complaint fails to state any fact sufficient to support an allegation that the alleged violation was reported to local officials, as required by the statutes pled.

## ELEVENTH AFFIRMATIVE DEFENSE

(Failure To Exhaust Administrative Remedies)

Plaintiff's Complaint fails to state any fact sufficient to support an allegation that the Plaintiff exhausted his administrative remedies, as required by the statutes pled.

## TWELFTH AFFIRMATIVE DEFENSE

(Right to Add Affirmative Defenses)

This answering Defendants reserve the right to amend their answer to add affirmative defenses when they become known after further investigation and discovery are taken in this case.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

The Complaint and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendants.

Wherefore, having fully answered the Complaint on file herein, Defendants prays that:

1. Plaintiff takes nothing by way of the Complaint and that the same be dismissed with prejudice;

2. For costs and attorneys fees pursuant to statute; and

3. For such other and further relief as the Court deems just and equitable.

Dated: January 3, 2020                    SDK LAW CENTER

By: [signature]

Jacques Sapier, Esq.

Attorneys for Defendants



Jacques Sapier (SBN 166462)
SDK LAW CENTER
7676 Hazard Center Drive, Suite 500
San Diego, California 92108
(866) 874-3995

Attorney for Defendants: SOON KOO CHANG and CHONG MIN CHANG

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, Plaintiff, v. SOON KOO CHANG and CHONG MIN CHANG, as individuals and as trustees of the CHANG FAMILY TRUST, dated March 30, 1999; and DOES 1-10, inclusive, Defendants. | Case No: 19cv2350-JAH-NLS  PROOF OF SERVICE |

I, JACQUES SAPIER, the undersigned, declare that: I am over the age of eighteen years and not a party to this action; I am employed in the County of San Diego, California; where the mailing occurs; and my business address is 7676 Hazard Center Drive, Ste. 500, San Diego, CA 92108; Telephone (866) 874-3995.

I further declare that I am readily familiar with the business' practices for collection and processing of correspondence for mailing with the United States Postal

1  Service pursuant to which practice the correspondence will be deposited with the United
2  States Postal Service this same day in ordinary course of business.
3      On January 6, 2020, I caused to be served the following document(s), described
4  as ANSWER TO COMPLAINT on the parties in this action; by placing a true copy
5  thereof enclosed in sealed envelopes addressed as follows:
6  Joseph R. Manning, Jr., Esq.
7  MANNING LAW, APC
8  20062 SW Birch Street, Suite 200, Newport Beach, CA 92660
9  [X]    (BY First Class U.S. Mail) Pursuant to CCP Section 1013a(1) & (3) of the
10 Coordinated Rules, Division II, Rule 5.2C.  Pursuant to the practice of this firm for
11 collection and processing of correspondence for mailing by First Class U.S. Mail, I
12 placed a true copy thereof enclosed and I then sealed each envelope and, with the
13 postage thereon fully prepaid either deposited each in the United States Postal Service
14 or placed each for collection and mailing on January 6, 2020, at San Diego, California,
15 following ordinary business practices.
16 [ ]    (By Federal Express/UPS) Pursuant to the practice of this firm for collection and
17 processing of correspondence for mailing by Federal Express/UPS.  Pursuant to this
18 practice, correspondence would be deposited in the Federal Express box located on
19 Shoreham Place, San Diego, CA 92122 in the ordinary course of business on the date
20 of this declaration.
21 [ ]    (BY PERSONAL SERVICE) I caused such document(s) to be delivered by hand
22 to:
23
24 [ ]    (STATE) I declare under penalty of perjury under the laws of the State of
25 California that the foregoing is true and correct.

1  [X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of
2  this Court at whose direction the Service was made.

3  Dated:      January 6, 2020               SDK LAW CENTER

4                                            By:

5                                            Jacques Sapier, Esq.

6                                            Attorney for Defendants SOON KOO

7                                            CHANG and CHONG MIN CHANG