UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SOON KOO CHANG; CHONG MIN CHANG; and DOES 1-10, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.:  19cv2350-JAH (NLS)<br><br>**NOTICE AND ORDER SETTING EARLY NEUTRAL EVALUATION CONFERENCE IN AN A.D.A. CASE** |

　　　IT IS ORDERED that an Early Neutral Evaluation ("ENE") of your case will be held on **February 19, 2020** at **2:30 p.m.** before Magistrate Judge Nita L. Stormes, Carter-Keep United States Courthouse, 333 West Broadway, Suite 1210, San Diego, California 92101.

　　　The following are **mandatory** guidelines for preparing for the ENE.

　　　1.　　**Purpose of Conference:**  The purpose of the ENE is to permit an informal discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case.  All conference discussions will be informal, off the record, privileged and confidential.  Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

2. **Personal Appearance of Parties Is Required:** All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case. Full authority to settle means that the individuals at the ENE be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001). **Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and will also result in the immediate termination of the conference.**

3. **Full Settlement Authority Required:** In addition to counsel who will try the case, a party or party representative with **full settlement authority** must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is **not** retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official

having ultimate settlement authority.

4. **Pre Conference Procedures.** Based upon the court's familiarity with these matters and in the interest of promoting the just, efficient and economical determination of this action, the court issues the following additional **Mandatory Procedures** to be followed in preparation for the ENE.

    A. All formal discovery is stayed until the completion of the ENE.

    B. No later than **January 22, 2020**, plaintiff's counsel shall serve on opposing counsel and lodge with Magistrate Judge Stormes' chambers a statement, **no longer than five (5) pages**, including:

        i. An itemized list of all claimed violations of the Americans with Disabilities Act on the subject premises;

        ii. A statement of the amount of damages claimed by plaintiff in this action and by what legal authority plaintiff is entitled to such damages;

        iii. The amount claimed for attorney's fees and costs; and

        iv. The plaintiff's demand for settlement of the case in its entirety.

        v. Plaintiff's statement must include as an attachment, any expert or consultant report regarding the premises and the alleged violations. Plaintiff's counsel shall also be prepared to present for in camera review documentation in support of the amount of attorney's fees and costs claimed.

    C. After service of plaintiff's statement and no later than **February 5, 2020**, counsel for the parties, and any unrepresented parties, **must meet and confer in person at the subject premises** regarding settlement of (1) the alleged premise violations, and (2) damages, costs and attorney's fees. Plaintiff's counsel is responsible to arrange the conference. **The meet and confer obligation cannot be satisfied by telephone or the exchange of letters.**

D. No later than **February 12, 2020**, counsel for all parties shall lodge with Magistrate Judge Stormes' chambers a **joint statement no longer than two (2) pages**, certifying that the required in-person conference between counsel took place and setting forth the results of the meet and confer and the issues remaining to be discussed at the ENE.

E. **The failure of any party to follow these mandatory procedures shall result in the imposition of sanctions.**

5. **New Parties Must Be Notified by Plaintiff's Counsel:** Plaintiff's counsel shall give notice of the ENE to parties responding to the complaint after the date of this notice.

6. **Case Management Under the Amended Federal Rules:** In the event the case does not settle at the ENE, the court will issue a scheduling order setting deadlines for completing discovery and dates for other pre-trial proceedings.

7. **Requests to Continue an ENE Conference:** Local Rule 16.1(c) requires that an ENE take place within 45 days of the filing of the first answer. Requests to continue ENEs are rarely granted. However, the Court will consider formal, written ex parte requests to continue an ENE conference when extraordinary circumstances exist that make a continuance appropriate. In and of itself, having to travel a long distance to appear in person is not "extraordinary." Absent extraordinary circumstances, requests for continuances will **not be considered unless submitted in writing** no less than seven (7) days prior to the scheduled conference.

Questions regarding this case or the mandatory guidelines set forth herein may be directed to the Magistrate Judge's law clerks at (619) 557-5391.

//
//
//
//
//

A Notice of Right to Consent to Trial Before a United States Magistrate Judge is attached for your information.

**IT IS SO ORDERED.**

Dated: January 8, 2020

Hon. Nita L. Stormes
United States Magistrate Judge

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c), you are notified that a U.S. Magistrate Judge of this district may, upon the consent of all parties, on form 1A available in the Clerk's office, conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment. Counsel for the plaintiff is responsible to obtain the consent of all parties, if they want to consent.

Be aware that your decision to consent or not to consent is entirely voluntary. Only if all parties consent will the Judge or Magistrate Judge to whom the case has been assigned be informed of your decision.

Judgments of the U.S. Magistrate Judges are appealable to the U.S. Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure.